Semple, Justice, delivered the opinion of the court: George Sproule and Andrew Buchanan, trading and doing business under the name and style of Sproule & Buchanan, filed their bill in chancery at the May term, 1840, of the Morgan, circuit court, to foreclose a mortgage made to them by Jamison Samuel and Churchill Samuel, trading and doing business under the name and style of Jamison Samuel & Co., making William P. Samuel, tenant in possession of part of the premises, a party defendant. The mortgage was .made the 9th day of October, 1837, conveying several tracts of land in Morgan county, containing in all about one thousand acres. The condition was “ that Sproule '& Buchanan have this day accepted Forsythe & Buckner’s drafts in favor of Jamison Samuel & Co., one at four months from this date, for twenty-two hundred dollars, and the other at six months from this date for fiwenty-two hundred dollars; now, should the said Jamison Samuel & Co. place, or cause to be placed, in the hands of the said Sproule & Buchanan, sufficient funds to meet the aforesaid two drafts, then, in that case, this deed of mortgage is to be void ; otherwise to be and remain in full force and effect.” The complainants then aver that they did accept and pay the drafts aforesaid, but that the defendants, Jamison Samuel & Co., did not place the funds in their hands, according to the condition of the said mortgage; and they pray a foreclosure and sale'of the mortgaged premises. On the 5th of November, 1840, William P. Samuel answered the bill by disclaiming all interest in the mortgage, admitting its validity and priority to his claim, but setting out a contract between the said Jamison Samuel & Oo.and the said W. P. Samuel and one George W. Forsee, for the sale of about six hundred acres of said land, and praying that his right might be guarded by any decree that might be rendered, and that the portion of land which he had purchased, and was then [* 138] in possession of, should be last sold on the said mortgage. On the 6th of November, 1840, Jamison Samuel answered the bill, admitting the mortgage and the acceptance and payment of the drafts aforesaid, but insisting that he had placed in the hands of Sproule & Buchanan, funds amounting in all to §3917.79, arising out of an agreement that Forsythe & Buckner were to ship produce to Sproule & Buchanan, to be sold by them on commission, and- the proceeds applied to the payment of the drafts aforesaid, and towards satisfying the said mortgage, and offering to pay the balance, etc. At the March term, 1841, William P. Samuel offered to file an additional or supplemental answer, setting out new matter arising after the filing .of his first answer, and by which he disclaimed all interest in the matter in controversy, and offering to give up the possession of the mortgaged premises, on demand. The complainants objected to the filing of the supplemental answer, and the objection was sustained by the court. From the depositions taken and read on the final hearing of the cause, it appears that Forsythe & Buckner were indebted to Sproule & Buchanan in the sum of §1,501.87, balance of an old account; and they were also indebted to Jamison Samuel & Co. in the sum of §4400 ; that in order to pay Jamison Samuel & Co., the two drafts aforesaid were drawn and accepted; but before Sproule & Buchanan would agree to accept those drafts, they required Jamison Samuel & Co. to execute the mortgage aforesaid, to secure their ultimate payment. But by agreement among all parties, Forsythe &- Buckner were to ship produce to be sold on commission by Sproule & Buchanan, the proceeds of which were to .be applied to the payment of the drafts aforesaid, but which were applied by Sproule & Buchanan, first to the payment of the §1501.87, balance due from Forsythe & Buckner, and the remainder applied to the payment of the drafts, after first deducting the sum of §1000, cash remitted to Mr. Forsj'-the, §80 advanced to Mr. Buckner, and §142.79, for lumber and iron. The proceeds of the several shipments made by Forsythe & Buckner were, on the 10th of December, 1837, §1768.02; on the 18th of April, 1838, §1061.10, for pork and lard, and the further sum of §1088.65. It appears that the items aforesaid, for §1000, §80, and §142.79, were paid by Sproule & Buchanan, and charged to Jamison Samuel & Co., with their account; but there is no evidence that they ever agreed that the item of $1061.10 for pork and lard, was to be applied in any other manner than to the payment of the two drafts. The circuit court, on final hearing, decreed that the account should be stated by excluding the item for $1501.87, balance of account against Forsythe & Buckner, but allowing the items of $1000, $80, and $142.79, as proper charges against Jami- [* 139] son Samuel & Co., and ordered the equity of redemption to be foreclosed, and the mortgaged premises to be sold, or so much thereof as would be sufficient to pay the balance due to Sproule & Buchanan, with costs of suit. By agreement of counsel on both sides, it appears that after the decree was rendered below, the complainants proceeded to cause part of the mortgaged premises to be sold, and thus satisfied the decree. The cause is now brought here by writ of error. There are but two errors assigned; first, that the court erred in refusing to exclude the depositions of William P. Samuel and William Miller ; and, secondly, in refusing to allow against Jami-son Samuel & Co. the item'of $1501.87, the balance of old account against Forsythe & Buckner, or at least of not allowing the- item .of $1061.10, proceeds of certain, pork and lard, to be applied towards its satisfaction. In the argument of the cause the question was made whether after the complainants had gone on to sell the mortgaged premises, in satisfaction of the decree, they could maintain a writ of error to reverse that decree. However available this defence might have been, had it been pleaded in bar of a writ of error, it cannot now be taken, after the defendants have joined in error. The first assignment of error is, that the court below did not sustain the exceptions of the complainants to the depositions of William P. Samuel and William Miller. William P. Samuel was made a party defendant to the bill to foreclose. He was in possession of part of the mortgaged premises, at the time of filing the 'bill. We are of opinion that the mere fact of any one being made defendant to a bill in chancery, does not necessarily render him an incompetent witness, as to matters in which he has no interest. It is usual, to be sure, for one defendant when he wishes to take the deposition of a defendant,.to obtain an order of court for that purpose ; but it does not follow that if he thinks proper to take the deposition without such order, it should, for this, reason only, be excluded. The court can as well judge of the admissibility of the deposition when presented, as when applied to for leave to take it. We cannot see how the deposition of Samuel could be excluded on the ground of interest. It is not necessary to show whether if William P. Samuel had insisted on his claim, as set out in his first answer, his interest would have excluded his evidence, nor is it necessary to say that the court erred in refusing his application to file a supplemental answer. It is sufficient that when interrogated by the complainants as to his interest, as appears from his deposition, he disclaimed all interest whatever, except that he was to remain on the premises until the next fall, or until he could sell his stock. His situation may possibly have gone to the credibility, but certainly not to the admissibility of the evidence. In this case we see no reason [* 140] to exclude the deposition, or to doubt the credibility of the witness. If the deposition of William P. Samuel be admitted, then the agreement on the part of Sproule & Buchanan, to take produce to sell, and to apply the proceeds to the payment of the two drafts, as set out in the defendants’ answer, may be considered as proved, without the deposition of William Miller, who speaks of the declarations, of Forsythe, at the time he shipped the pork and lard aforesaid. The letter from V. Forsythe to Sproule & Buchanan, of the 20th of December, saying that he “sent by the Majestic, 119 barrels of pork and 60 kegs of lard, which you will please dispose of as you see proper,” does not exclude the order that the proceeds were to be applied to the payment of the drafts. The “disposing” of the pork and lard is a very different thing from the application of the proceeds. It is not inconsistent with the proof that the whole of the proceeds were to be applied to the payment of the two drafts. The decision of the first assignment of error necessarily decides the cause, for if the deposition of William P. Samuel be received, (and it is corroborated by the depositions of several other witnesses,) it follows that Sproule & Buchanan had no right to apply any part of the proceeds of the shipments made by Forsythe to them, to the payment of the balance due from Forsythe & Buckner, but should have applied the whole towards the payment of the drafts, to secure which the mortgage was made, with the exception only of the three items of $1000, $80, and $142.79, which appear to have been advanced by Sproule & Buchanan, with the consent of Jamison Samuel & Co. We can see no error in the decree. The decree is affirmed with costs. Decree affirmed.